Hughes, J.
We are called upon to construe the item in the will of James H. Edwards, deceased, which reads as follows:
“In the name of the Benevolent Father of all, I, James H. Edwards, of county of Logan and State *50 of Ohio, being of lawful age and of sound mind hereby give and bequeath to my beloved wife, Elizabeth A. Edwards, all of my property both personal and real, of which I may be seized at my death, to have and to hold to her only proper use during her natural life and whatever may be left from her support and care during her life, last illness and funeral expenses shall go to our son David U. Edwards and his heirs of nearest kin.”
The will in question was executed during the month of June, 1901, at which time his wife Elizabeth was living, as was his son David, who, at the time, was married and had one child. The wife Elizabeth died in 1906. The testator died in November, 1918, and left surviving him as his only heir his son David, who at that time had three children.
There is nothing in the will nor in the agreed statement of facts to aid the court in interpreting the meaning of the expression used in this item, and we are therefore called upon to construe the item as it stands, without any other language or fact given to indicate the intention of the testator.
There are some expressions that have received judicial interpretation and have a fixed meaning under the law of wills.
There can be no doubt, if a testator uses the expression “I give to my son and his heirs,” that he devises a fee simple estate to his son.
It is also determined by our supreme court in Godfrey v. Epple, 100 Ohio St., 447, that when a testator uses the expression “to my nearest kin” he means thereby that the estate shall pass to those who would have inherited under the statutes of descent *51 and distribution, and in the order and proportion therein provided, had he died intestate.
But we find something more in this will. The testator says that his property shall go to his son and his heirs “of nearest kin.” He has used more than what is commonly known to pass an estate in fee simple. He has given a description to the heirs of his son David to whom his property shall pass upon the death of his son. If he had said “To David and his heirs,” or if he had said “To David and his nearest kin,” we would entertain little doubt but that the intention of the testator was to devise a fee simple in his son.
There is a well-known axiom that each word used must be given a meaning, if possible.
We are quite satisfied that by the use of the expression, “To David and his heirs,” he has passed an estate in fee, under the rule laid down in 2 Blackstone, 115. But when he has added to or qualified the particular heirs that are to succeed, he has placed an entailment upon the fee, and the first devisee becomes a holder in fee tail.
It is said, under the title “Estates,” in 10 Ruling Case Law, 658, Section 14, that “Any expressions in the will denoting an intention to give the devisee an estate of inheritance descendible to his, or some of his, lineal, but not collateral, heirs, have always been regarded as a sufficient devise of a fee tail.”
While the words “nearest of kin” or “next of kin” used alone no doubt mean those who would have inherited had he died intestate, or in other words those who would have been his heirs, yet when added to the expression “To David and his heirs” they become an expression of limitation es-' *52 tablishing a different succession than the law would make under the expression “his heirs.”
As was. said by Justice Read in King v. Beck, Admr., 15 Ohio, 559, at page 562:
“The testator may use the word ‘heir,’ and take it without its usual legal sense, if he employ words respecting it to show that he did not use it in its ordinary legal sense, or if the plain intention manifested in the will shows that it was not employed in its usual leg-al sense. A mere presumed intention will not control its legal signification and operation; but with words of explanation, showing the manifest intent of the testator, it can be made a word of purchase. If, where the word ‘heir’ is used, there be superadded words of limitation, establishing a new succession, the first donee or devisee would take but a life estate. The expressed intent, then, of the testator, will affix the meaning to the word ‘heir’ — it is said a mere implication will not.”
We are not unmindful of the rule in Ohio, as it is elsewhere generally pronounced, that courts do not lean to or favor.entailed estates; yet it is always the duty of the court to give that interpretation to the will which the testator has made manifest as his intention.
We have before us the record in case number 13912, Evangelical Lutheran Etc. Confession v. Sheffield, 90 Ohio St., 467, in which the court was called upon to interpret the following item of a will:
“Sixth: — This last excepted parcel I give and devise to Ada May Sheffield and to the first child born to her in lawful wedlock in fee simple, on and after January 1, 1902.”
*53 Our supreme court in this case gave interpretation to this item to the effect that it created a fee tail estate in Ada May Sheffield, showing clearly a response to this duty aforesaid.
Being of the opinion, as here expressed, that the words “of nearest kin,” added to the expression “to his heirs,” form a phrase limiting the heirs of succession, we hold that the will in question devised to David U. Edwards an estate in fee tail.

Judgment accordingly.

Crow and Warden, JJ., concur.